UNITED STATES of America

v.

EXXON CORPORATION.

UNITED STATES of America

v.

SHELL OIL CO.

UNITED STATES of America

v.

MARATHON OIL CO.

Nos. Misc. 79–149, Misc. 79–150 and Misc. 79–217.

United States District Court, District of Columbia.

Jan. 15, 1980.

Donald B. Craven, Washington, D. C., for Exxon Corp.

Robert W. Steele, Washington, D. C., for Shell Oil Co.

Warren E. Connelly, Washington, D. C., for Marathon Oil Co.

Thomas R. Kline, Ann F. Cohen, U. S. Dept. of Justice, Washington, D. C., for plaintiff.

## MEMORANDUM

JOHN GARRETT PENN, District Judge.

These three cases came before the Court on petitions by the United States to enforce subpoenas duces tecum dated January 22, 1979, and served on the three respondents, Exxon Corporation (Exxon), Marathon Oil Co. (Marathon), and Shell Oil Co. (Shell). Petitioner filed these actions when the respondents failed to honor the subpoenas.[1,2]

---

1. The actions against Exxon and Shell were filed on June 29, 1979, and the action against Marathon was filed on October 10, 1979.

2. Similar subpoenas have been served on several other oil companies which voluntarily complied after negotiations with the Department of Energy.

The Court heard arguments in support of and in opposition to the respective petitions and on December 17, 1979, entered Orders directing the respondents to comply with the subpoenas. The purpose of this Memorandum is to briefly set forth the basis of the Court's ruling.

Petitioner brings these actions pursuant to the authority granted by the Department of Energy Organization Act (DOEOA), 42 U.S.C. § 7101 *et seq.*, and the Federal Energy Administration Act (FEAA), 15 U.S.C. § 761 *et seq.* The subpoenas were issued by the Director of the Office of Policy and Evaluation, acting under a delegation of authority from the Secretary of the Department of Energy, to require the respondents to provide information necessary for the preparation of a study required by Title III of the Petroleum Marketing Practices Act (PMPA), 15 U.S.C. § 2841. Section 2841(a) provides:

> (a) The Secretary of Energy, in consultation with the Chairman of the Federal Trade Commission and the Attorney General and other agencies as the Secretary deems appropriate, shall conduct a study of the extent to which producers, refiners, and other suppliers of motor fuel subsidize the sale of such motor fuel at retail or wholesale with profits obtained from other operations.

Section 2841(b) provides that the study shall examine the role of vertically integrated operations in facilitating subsidization of sales of motor fuel at wholesale or retail, the extent to which such subsidization is predatory and presents a threat to competition, the profitability of various segments of the petroleum industry, the impact of prohibiting such subsidization on the competitive viability of segments of the industry, the prices of motor fuel to consumers and the health and structure of the industry as a whole and such other matters as the Secretary deems appropriate. The Secretary plans to submit his report on March 31, 1980.[3]

## I

Respondents object to the subpoenas on several grounds, namely, (1) that the PMPA does not confer subpoena power, (2) Congress did not intend to confer subpoena power upon the Department of Energy (DOE) for completion of the study required by PMPA, (3) the DOE cannot look to other statutes for subpoena power, including the DOEOA and the FEAA and (4) DOE may not use its investigatory powers under FEAA and DOEOA to fulfill its responsibilities under Title III of the PMPA. Respondents also attack the subpoenas on a number of procedural grounds. After giving careful consideration to the arguments of respondents, this Court concludes that they are without merit and that the subpoenas should be enforced.

■ The petitioner concedes that the PMPA, standing alone, does not grant DOE the power to subpoena the information sought by that agency. However, petitioner argues and the Court agrees, that such authority is granted by the DOEOA and, at least arguably, by the FEAA. There is nothing in the PMPA or its legislative history which suggests that by enacting the PMPA, Congress acted to limit or prohibit the use of subpoenas. Such an argument would necessarily be based on a contention that the PMPA, having made no mention of subpoenas, necessarily amended the DOEOA and the FEAA by implication. As noted above, the Court finds nothing to support that contention and, in any event, amendments by implication are not favored. *See United States v. Welden,* 377 U.S. 95, 103, n. 12, 84 S.Ct. 1082, 1087, 12 L.Ed.2d 152 (1964). Moreover, to accept respondents' argument in this regard, would be to hold that every time Congress ordered DOE to perform a study pursuant to its authority under DOEOA, a special direction affirming the subpoena power would be necessary.

---

**3.** The report was originally due on December 19, 1979, but was extended due to various delays in obtaining information.

The respondents have offered no argument or rationale which would support such a contention.

The power to issue the subpoenas is found in the DOEOA. In its declaration of purposes in creating the DOE, Congress noted that it sought to, among other things, achieve an effective management of energy functions, promote the interest of consumers through the provision of an adequate and reliable supply of energy at the lowest reasonable cost, and foster, insofar as possible, the good health of the nation's small business firms, private cooperatives and others involved in energy production. *See* 42 U.S.C. § 7112. In order to achieve those objectives, the statute provided for the appointment of eight Assistant Secretaries and included in their assigned responsibilities the task of reviewing competition and consumer affairs including the promotion of competition in the energy industry, protection of the consuming public in the energy policy making processes, and formulation and analysis of policies, rules, and regulations relating to competition and consumer affairs. *See* 42 U.S.C. § 7133(a)(7). The statute also provides for the establishment of an energy information administration and provides that the Secretary of DOE shall delegate to the administrator the responsibility for the gathering, analysis and dissemination of energy information. *See* 42 U.S.C. § 7135(b). Finally, the DOEOA provides that the Secretary shall make an annual report to include a review and appraisal of the adequacy and appropriateness of the techniques, procedures and practices, including competitive and regulatory practices, employed by federal, state and local governments and non-governmental entities to achieve the purposes of the DOEOA. *See* 42 U.S.C. § 7267(5).

Taking all of the above objectives into consideration, it is easily discerned that the study required to be performed by DOE by the PMPA, see 15 U.S.C. § 2841, is well within the authority and powers granted to DOE by the DOEOA. In performing the study required by the PMPA, the Secretary is merely performing a function required of him under the DOEOA. Thus the subpoenas which make reference to the study required under PMPA set forth a valid purpose.

## II

The authority to issue the subpoenas now challenged by the respondents is found in 42 U.S.C. § 7255 which provides:

> For the purpose of carrying out the provisions of this chapter, the Secretary, or his duly authorized agent or agents, shall have the same powers and authorities as the Federal Trade Commission under Section 49 of Title 15 with respect to all functions vested in, or transferred or delegated to, the Secretary or such agents by this chapter.

The Court concludes that the subpoena power is broad and would encompass the study required by the PMPA.

Respondents argue that the authority under Section 7255 is restricted to investigations and not studies since a similar restriction limits the Federal Trade Commission. See 15 U.S.C. § 49. In this Court's view, the authority granted under Section 7255 is the same as that granted by 15 U.S.C. § 49 without any limitation as to investigation. Section 7255 clearly provides that the subpoena power is provided to the Secretary, "[f]or the purpose of carrying out the provisions [of the DOEOA]". *See also*, S.Rep.No.95–164, 95th Cong. 1st Sess., *reprinted in* [1977] U.S.Code Cong. & Admin.News 854, 904.

While concluding that the authority to issue the subpoenas is clearly set forth in the DOEOA, the Court notes that the authority contained in the FEAA, *see* 15 U.S.C. § 772(b), appears to be limited to those situations where organizations are required to make reports. Having found that the authority is contained in the DOEOA, the Court need not discuss the authority or limitations contained in the FEAA as they relate to these subpoenas.

## III

Respondents also challenge the subpoenas as being invalid because DOE allegedly

failed to follow its own regulations for resolving disputes over subpoenas and that it failed to comply with the Administrative Procedure Act (APA).

█ Respondents contend that 10 CFR § 205.8 applies to the issuance of the subject subpoenas and that since DOE did not follow the requirements of that regulation the subpoenas are unenforceable. That regulation sets forth an administrative procedure for rulings on objections on motions to quash subpoenas. The argument is without merit since 10 CFR § 205.0 provides that the provisions set forth in the above regulation applies to those procedures set forth in 10 CFR Parts 209 through 214. Those sections relate to International Voluntary Agreements (Part 209), General Allocation and Price Rules (Part 210), Mandatory Petroleum Allocation Regulations (Part 211), Mandatory Petroleum Price Regulations (Part 212), Oil Import Regulations (Part 213), and Mandatory Canadian Crude Oil Allocation Regulations (Part 214). Furthermore, the Court finds no merit in the respondents due process arguments since the subpoenas issued only affect the respondents when the Court orders enforcement.

The respondents' arguments made pursuant to the APA, specifically 5 U.S.C. §§ 552 and 555, are likewise found to be without merit.

### IV

█ This Court is satisfied that the subpoenas were properly issued pursuant to the DOEOA for a lawful purpose, that the study for the purposes of PMPA is one which falls within the authority granted under the DOEOA, that the subpoenas are not burdensome or unreasonable in view of the information sought and the requirements of the PMPA[4] and that the understandable concern of the respondents respecting confidentiality of their records is met by the order which provides for at least

4. Respondents have failed to show that the subpoenas are burdensome or unreasonable. *See FTC v. Texaco, Inc.*, 180 U.S.App.D.C. 390, 555 F.2d 862, cert. den. 431 U.S. 974, 97 S.Ct. 294, 53 L.Ed.2d 1072 (1977).

10 days notice before any documents must be produced.

Having carefully considered the arguments of the respondents, and having found those arguments without merit, the Court entered the Orders in each of the cases, directing enforcement of the subpoenas.[5]

5. In view of the Court's ruling on the merits, the various requests of the respondents for discovery and to dismiss the petitions are moot.